IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| RANDY JENKINS HARMON, JR.,<br><br>Plaintiff,<br><br>v.<br><br>TERENCE KILPATRICK, et al.,<br><br>Defendants. | CIVIL ACTION NOS.: 6:20-cv-55<br>6:20-cv-20<br>6:19-cv-107<br>6:19-cv-99<br>6:18-cv-83 |

**O R D E R**

These matters are before the Court on Plaintiff's 42 U.S.C. § 1983 Complaints in the above-captioned cases. For the reasons which follow, the Court **DIRECTS** the Clerk of Court to: **FILE** all filings in Case Numbers 6:20-cv-20, 6:19-cv-107, 6:19-cv-99, and 6:18-cv-83 upon the record and docket of Case Number 6:20-cv-55;[1] **CONSOLIDATE** Case Numbers 6:20-cv-20, 6:19-cv-107, 6:19-cv-99, and 6:18-cv-83 into Case Number 6:20-cv-55; and **CLOSE** Case Numbers 6:20-cv-20, 6:19-cv-107, 6:19-cv-99, and 6:18-cv-83 and enter the appropriate judgments of dismissal without prejudice.[2] As the Court has previously granted Plaintiff leave to proceed *in forma pauperis* in some of these cases, the Court **DENIES as moot** his Motions for Leave to Proceed *in*

---

[1] Chief Judge J. Randal Hall transferred Case Numbers 6:19-cv-107, 6:19-cv-99, and 6:18-cv-83 to the undersigned for plenary review in the interest of judicial economy. See, e.g., Ord., Harmon v. Williams, 6:18-cv-83 (S.D. Ga. Dec. 22, 2020), ECF No. 47.

[2] Plaintiff's address is listed in Case Number 6:20-cv-55 as being at Hancock State Prison. However, Plaintiff has notified the Court of his change of address in at least one other case, Case Number 6:18-cv-83, and lists the Valdosta Transitional Center as his current place of incarceration. Indeed, the Georgia Department of Corrections' website also lists the Valdosta Transitional Center as Plaintiff's place of incarceration. http://www.dcor.state.ga.us/GDC/Offender/Query, search for "Harmon, Randy," (last visited Jan. 4, 2020). Thus, the Court **DIRECTS** the Clerk of Court to update the docket and record in Case Number 6:20-cv-55 to reflect Plaintiff's current address.

*Forma Pauperis* in Case Numbers 6:20-cv-20 and 6:20-cv-55. (Doc. 2; Doc. 2.) Plaintiff shall be permitted to proceed *in forma pauperis* in this newly consolidated case. Additionally, the Clerk of Court is to collect only one full filing fee, in installments. The Court also **DIRECTS** the Clerk of Court to ensure the following individuals are added as Defendants upon the record and docket in Case Number 6:20-cv-55: Nicole Johnston-Bennett; Kendric Jackson; Chantel Howard; Brad Laurence; Justin Maldonado; Jordan Wicker; Doug Williams; Cindy Smith; Dennis Collier; Venicestare Shepard; Deric Godfrey; Tammy Watkins; Scherika Wright; and Jonathan Santiago. The claims and entities the Court has already dismissed shall remain dismissed. Ord., Harmon v. Williams, 6:18-cv-83 (S.D. Ga. Feb. 7, 2020), ECF No. 19.

In addition, the Court **DISMISSES** any and all claims for monetary damages against Defendants in their official capacities in this newly consolidated case, consistent with the dismissal of such claims in Harmon v. Williams, 6:18-cv-83 (S.D. Ga. Feb. 7, 2020), ECF No. 19. The Court **DIRECTS** United States Magistrate Judge Benjamin Cheesbro to order Plaintiff to file a single, consolidated Complaint, order service of Plaintiff's Amended Complaint on any Defendants who have not yet been served, and impose a discovery and motions schedule upon all parties to the consolidated case as soon as practicable.

## BACKGROUND

On August 8, 2018, Plaintiff filed a § 1983 Complaint in Case Number 6:18-cv-83 and alleged he had to undergo a strip search upon his arrival at Smith State Prison and his property was confiscated. Supp., Harmon v. Williams, 6:18-cv-83 (S.D. Ga. Aug. 8, 2018), ECF No. 1-1, p. 1. Plaintiff also complained about his placement in Tier II administrative segregation at Smith State Prison and the processes related to his continued confinement in the Tier II program. (Id. at pp. 1–12.) Plaintiff named as Defendants former Warden Doug Williams, Yolanda Byrd, Deric

2

Godfrey, Tammy Watkins, and Scherika Wright.  Compl., Harmon v. Williams, 6:18-cv-83 (S.D. Ga. Aug. 8, 2018), ECF No. 1.[3]

On November 4, 2019, Plaintiff filed another § 1983 Complaint in Case Number 6:19-cv-99.  Compl., Harmon v. Williams, 6:19-cv-99 (S.D. Ga. Nov. 4, 2019), ECF No. 1.  In that Complaint, Plaintiff sets forth allegations concerning his placement and continued confinement in Tier II administrative segregation while he was housed at Smith State Prison.  (Id.)  Plaintiff names as Defendants Warden Doug Williams, Yolanda Byrd, Justin Maldonado, Jonathan Santiago, Dennis Collier, Venicestare Shepard, and Cindy Smith.

Just three weeks later, on November 25, 2019, Plaintiff filed a third § 1983 Complaint concerning his placement and continued confinement in Tier II administrative segregation while he was housed at Smith State Prison in Case Number 6:19-cv-107.  In that cause of action, Plaintiff names Nicole Johnston-Bennett, Brad Laurence, Justin Maldonado, Vinicestare Shepard, Jordan Wicker, Doug Williams, and Cindy Smith as Defendants.  Compl., Harmon v. Johnston-Bennett, 6:19-cv-107 (S.D. Ga. Nov. 25, 2019), ECF No. 1.

On February 18, 2020, Plaintiff filed another § 1983 Complaint in Case Number 6:20-cv-20.  Compl., Harmon v. Kilpatrick, 6:20-cv-20 (S.D. Ga. Feb. 18, 2020), ECF No. 1.  In that Complaint, Plaintiff sets forth allegations concerning his placement and continued confinement in Tier II administrative segregation while he was housed at Smith State Prison.  (Id.)  Plaintiff names as Defendants Terence Kilpatrick, Yolanda Byrd, Nicole Johnston-Bennett, Kendric Jackson, and Chantel Howard.

---

[3]  Chief Judge Hall previously consolidated Case Numbers 6:19-cv-40 and 6:19-cv-42 into Case Number 6:18-cv-83.  Ord., 6:18-cv-83 (S.D. Ga. July 15, 2019), ECF No. 8.  As a result of that consolidation, Defendants Santiago, Rebing, Johnston-Bennett, Collier, and Kilpatrick were added to Case Number 6:18-cv-83, because these Defendants were not named as Defendants in Plaintiff's first Complaint.  Id.

Plaintiff then filed yet another § 1983 Complaint concerning his placement and continued confinement in Tier II administrative segregation while he was housed at Smith State Prison in Case Number 6:20-cv-55. (Doc. 1.) In that cause of action, Plaintiff names Terence Kilpatrick, Yolanda Byrd, George Rebing, and Jesse Honell as Defendants. (Id.)

## DISCUSSION

The Court notes a district court has authority to consolidate multiple actions if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a). Consolidation under Rule 42(a) "is permissive and vests a purely discretionary power in the district court." Young v. City of Augusta, 59 F.3d 1160, 1168 (11th Cir. 1995) (internal quotes omitted). "District courts in this circuit have been urged to make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion." Id. at 1169 (internal quotes omitted). The decision of whether to consolidate "is entirely within the discretion of the district court as it seeks to promote the administration of justice." Gentry v. Smith, 487 F.2d 571, 581 (5th Cir. 1973); see also Devlin v. Transp. Communications Int'l Union, 175 F.3d 121, 130 (2d Cir. 1999) (courts can sua sponte consolidate cases under Rule 42(a)). In exercising that discretion, district courts must weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions; the burden on the parties and the court posed by multiple lawsuits as opposed to one; the length of time required to conclude multiple lawsuits as opposed to one; and the relative expense of proceeding with separate lawsuits if they are not consolidated. Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985).

Plaintiff's filings appear to arise from the same set of facts. In his Complaints, he makes allegations that all Defendants violated his due process rights by placing him in Tier II administrative segregation and by not following proper procedures regarding his continued

4

confinement in that program while he was housed at Smith State Prison, including but not limited to not following certain procedures related to disciplinary proceedings. Accordingly, it will benefit judicial economy to place all of Plaintiff's claims against these Defendants in one case: Case Number 6:20-cv-55.

## CONCLUSION

For the reasons set forth above, the Court **DIRECTS** the Clerk of Court to: **FILE** all filings in Case Numbers 6:20-cv-20, 6:19-cv-107, 6:19-cv-99, and 6:18-cv-83 upon the record and docket of Case Number 6:20-cv-55; **CONSOLIDATE** Case Numbers 6:20-cv-20, 6:19-cv-107, 6:19-cv-99, and 6:18-cv-83 into Case Number 6:20-cv-55; and **CLOSE** Case Numbers 6:20-cv-20, 6:19-cv-107, 6:19-cv-99, and 6:18-cv-83 and enter the appropriate judgments of dismissal without prejudice. As the Court has previously granted Plaintiff leave to proceed *in forma pauperis* in already consolidated cases, the Court **DENIES as moot** his Motions for Leave to Proceed *in Forma Pauperis* in Case Numbers 6:20-cv-20 and 6:20-cv-55. (Doc. 2; Doc. 2.) However, Plaintiff shall be permitted to proceed *in forma pauperis* in this newly consolidated case, and the Clerk of Court is to collect only one full filing fee, in installments. The Court also **DIRECTS** the Clerk of Court to ensure the following are added as Defendants upon the record and docket in Case Number 6:20-cv-55: Nicole Johnston-Bennett; Kendric Jackson; Chantel Howard; Brad Laurence; Justin Maldonado; Jordan Wicker; Doug Williams; Cindy Smith; Dennis Collier; Venicestare Shepard; Deric Godfrey; Tammy Watkins; Scherika Wright; and Jonathan Santiago. The claims and entities the Court has already dismissed shall remain dismissed. Ord., Harmon v. Williams, 6:18-cv-83 (S.D. Ga. Feb. 7, 2020), ECF No. 19.

In addition, the Court **DISMISSES** any and all claims for monetary damages against Defendants in their official capacities in this newly consolidated case. The Court **DIRECTS**

United States Magistrate Judge Benjamin Cheesbro to order Plaintiff to file a single, consolidated Complaint, order service of Plaintiff's Amended Complaint upon any Defendants who have not yet been served in Plaintiff's causes of action, and impose a discovery and motions schedule upon the parties as soon as practicable.

Plaintiff's future pleadings in this consolidated action shall be filed in Case No. 6:20-cv-55, and the Court **ORDERS** Plaintiff to include that case number in the caption of his future filings in this action.  The Court **ORDERS** Plaintiff not to initiate any new civil actions related to the allegations in this consolidated action. Should Plaintiff violate this order and file an additional lawsuit related to the allegations in the consolidated actions, the Court may impose sanctions including dismissal of Plaintiff's complaint.

**SO ORDERED**, this 6th day of January, 2021.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA